Peter S. Partee (PP-0766)
Scott H. Bernstein (SB-8966)
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York  10166-0136
(212) 309-1000 (telephone)
(212) 309-1100 (facsimile)

Benjamin C. Ackerly (admitted *pro hac vice*)
Jason W. Harbour (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200 (telephone)
(804) 788-8218(facsimile)

*Attorneys for Bell Atlantic Tricon Leasing Corporation*
*and Verizon Capital Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                   :
In re:                                   :
                                   :
DELTA AIR LINES, INC., et al.,       :      Chapter 11
                                   :      Case No. 05-17923 (ASH)
                  Debtors.      :      (Jointly Administered)
                                   :
-------------------------------------------------------------x

## APPELLANT'S DESIGNATION OF RECORD AND
## STATEMENT OF ISSUES PRESENTED ON APPEAL

       Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp., (collectively, the

"Verizon OPs"), creditors and appellants in the above-captioned jointly administered bankruptcy

cases, by and through their undersigned counsel, pursuant to Rule 8006 of the Federal Rules of

Bankruptcy Procedure, hereby designate the following items to be included in the record, and

statement of issues to be resolved, on the appeal from the *Order Granting Debtors' Fourth*

*Omnibus Objection to the Allowance of Certain Aircraft Claims Relating to Tail Nos. N806DE,*

*N968DL, N969DL, N970DL and N977DL* [Docket No. 7227] entered in these cases on June 26,

2008 (the "Order") by the United States Bankruptcy Court for the Southern District of New York

(Hon. Adlai S. Hardin):

**CONTENT OF RECORD ON APPEAL:**

1.  TIA/SLV Objection 3: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by PMCC and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Docket No. 5110].

2.  Annex A to TIA/SLV Objection 3: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by PMCC and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Docket No. 5338].

3.  Response of BNY Lease Equities (Cap Funding) LLC and BNY Capital Resources Corporation to Debtors' and Official Committee of Unsecured Creditors' TIA/SLV Objections 1, 2, 3 and 4 [Docket No. 5342].

4.  Response of the Verizon Owner Participants as Amicus Curiae Pursuant to 11 U.S.C. § 1109(b) to Debtors' TIA/SLV Objections 1 Through 4 [Docket No. 5345].

5.  Response of PNC Equipment Finance, LLC, as Amicus Curiae to TIA/SLV Objections 1, 2, 3 and 4 Filed by Debtors and the Official Committee of Unsecured Creditors [Docket No. 5458].

6.  Transcript of Hearing held on March 2, 2007, regarding DFO Partnership, TIA/SLV Objection [Docket No. 5503].

7.  Supplement to the Response of the Verizon Owner Participants as Amicus Curiae Pursuant to 11 U.S.C. § 1109(b) to Debtors' TIA/SLV Objections 1 Through 4 [Docket No. 5610].

8.  Transcript of Hearing held on March 30, 2007, regarding TIA/SLV Objections 1 and 2 [Docket No. 5749].

9.  Decision on TIA/SLV Objections 1 and 2 [Docket No. 6160].

10. Notice regarding Response Deadlines for Certain TIA/SLV Objections [Docket No. 6116].

11. Notice of Telephonic Conference with Respect to TIA/SLV Objections 1 and 2, set for May 21, 2007 [Docket No. 6177].

12.    Transcript of Telephone Conference with Respect to TIA/SLV Objections 1 and 2, held on May 21, 2007 [Docket No. 6216].

13.    DFO Partnership's Motion for Reconsideration of Decision on TIA/SLV Objections 1 and 2 [Docket No. 6234].

14.    Motion by Delta Air Lines, Inc. and Post-Effective Date Committee for Reconsideration of the Courts May 16, 2007 Decision regarding TIA/SLV Objection 2 [Docket No. 6237].

15.    The Northwestern Mutual Life Insurance Company's Motion for Reconsideration of This Courts Decision on TIA/SLV Objections 1 and 2 [Docket No. 6238].

16.    Transcript of Telephone Conference Before the Honorable Adlai S. Hardin, held on July 10, 2007 [Docket No. 6532].

17.    Order with Respect to TIA/SLV Objection 2 [Docket No. 6467].

18.    Notice of Appeal of Order with Respect to TIA/SLV Objection 2 [Docket No. 6521].

19.    Motion of the Verizon Owner Participants to Intervene as a Party to Debtors' TIA/SLV Objection 3 [D.I. 6615].

20.    Notice of Motion of the Verizon Owner Participants to Intervene as a Party to Debtors' TIA/SLV Objection 3 [D.I. 6649].

21.    Objection of Delta Air Lines Inc. to Motion of the Verizon Owner Participants to Intervene as a Party to Debtors' TIA/SLV Objection 3 [D.I. 6666].

22.    Transcript of Hearing held on September 5, 2008, regarding the Motion of the Verizon Owner Participants to Intervene as a Party to Debtors' TIA/SLV Objection 3 and Status Conference on TIA/SLV Objections 3 and 5I [Docket No. 6686].

23.    Substitute TIA/SLV Objection 3: Objection by Delta Air Lines, Inc. to Certain Claims Asserted by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Docket No. 6691].

24.    Response of The Bank of New York, as Indenture Trustee, to Substitute TIA/SLV Objection 3 [Docket No. 6815].

3

25.    Response of Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company and NCC Charlie Company to Substitute TIA/SLV Objection 3 [Docket No. 6819].

26.    Response of Varde Investment Partners, L.P. to Substitute TIA/SLV Objection 3 [Docket No. 6824].

27.    Declaration of Joshua Dorshak in Support of Response of The Bank of New York, as Indenture Trustee, to Substitute TIA/SLV Objection 3 [Docket No. 6826].

28.    Reply Memorandum of Delta Air Lines, Inc.: Substitute TIA/SLV Objection 3 [Docket No. 6882].

29.    Statement and Reservation of Right of Essex House Condominium Corporation and Marriott International, Inc. with Respect to Substitute TIA/SLV Objection 3: Reply Memorandum of Delta Air Lines, Inc. and TIA/SLV Objection 5I: Reply Memorandum of Delta Air Lines, Inc. [Docket No. 6899].

30.    Statement of Amicus Curiae National City Bank and National City Commercial Capital Company, LLC to Debtors' Substitute TIA/SLV Objection 3 and TIA/SLV Objection 5I [Docket No. 6900].

31.    Order with Respect to TIA/SLV Objection 1 [Docket No. 6940].

32.    Amended Notice of Appeal of Order with Respect to TIA/SLV Objection 1 [Docket No. 6965].

33.    Transcript of Hearing held on November 13, 2007, regarding TIA/SLV Objections 3 and 5I [Docket No. 6979].

34.    Decision on TIA/SLV Substitute Objection 3 and Objection 5I [Docket No. 7028].

35.    Order With Respect to Substitute TIA/SLV Objection 3 [Docket No. 7048].

36.    Notice of Appeal of Order With Respect to Substitute TIA/SLV Objection 3 [Docket No. 7062].

37.    Status Report Regarding TIA/SLV Objections [Docket No. 7070].

38.    Revised Proposed Order Permitting Filing of Omnibus Objection to TIA and SLV Claims [Docket No. 7082].

39.    Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7103].

40.     Corrections to Exhibits B and C of the Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7112].

41.     Response of National City Bank and National City Commercial Capital Company, LLC to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7143].

42.     Response of Wells Fargo Bank, National Association to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7144].

43.     Amicus Curiae Brief of Essex House Condominium Corporation and Marriott International, Inc. in Response to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7145].

44.     Response of Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp. to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7146].

45.     Response of BS MD-88 N904DL LLC to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7149].

46.     Reply Memorandum in Support of Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7168].

47.     Surreply of National City Bank and National City Commercial Capital Company, LLC with Respect to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7179].

48.     Amicus Curiae Brief of Essex House Conduminium Corporation and Marriott International, Inc. In Response to Reply Memorandum In Support of Reorganized Debtor's Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims [Docket No. 7180].

49.     Notice of Cancellation of the Hearing on the Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims Scheduled for April 30, 2008 [Docket No. 7189].

50.     Stipulation and Proposed Order with Respect to Certain Documents Relating to Tails N806DE, N968DL, N969DL, N970DL and N977DL [Docket No. 7211].

51.     Stipulation and Order with Respect to Certain Documents Relating to Tails N806DE, N968DL, N969DL, N970DL and N977DL [Docket No. 7217].

52.     Order Granting Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims Relating to Tail Nos. N806DE, N968DL, N969DL, N970DL and N977DL [Docket No. 7227].

53.     Notice of Appeal of Order Granting Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims Relating to Tail Nos. N806DE, N968DL, N969DL, N970DL and N977DL [Docket No. 7234].

**STATEMENT OF ISSUES ON APPEAL:**

1.      Whether the Bankruptcy Court erred as a matter of law in the preventing owner participants subject to certain TIA objections, including the Verizon OPs, (the "<u>OPs</u>") from taking any discovery whatsoever with respect to the meaning and function of the exclusion provision of the Tax Indemnity Agreements.

2.      Whether the Bankruptcy Court erred as a matter of law in holding that the exclusion provisions of the Tax Indemnity Agreements are unambiguous and in declining to consider the uncontroverted extrinsic evidence presented by the OPs with respect to the meaning of the exclusion provisions of the Tax Indemnity Agreements.

3.      Whether the Bankruptcy Court erred as a matter of law in refusing to consider any extrinsic evidence as to the customs and usages of terms in the leveraged aircraft leasing industry in determining that the exclusion provisions of the Tax Indemnity Agreement are unambiguous.

4.      Whether the Bankruptcy Court erred as a matter of law in reaching its conclusions as to (i) the interest and objective of Delta in negotiating the Tax Indemnity Agreements; and (ii) the expectation and contemplation of the parties who drafted the Tax Indemnity Agreements, without admitting or considering any evidence to support these conclusions.

5.      Whether the Bankruptcy Court erred as a matter of law in holding that the Tax Indemnity Agreements can be interpreted differently in the "bankruptcy context" than they would be if interpreted in accordance with applicable state law and its rules of contract interpretation.

6.      Whether the Bankruptcy Court erred as a matter of law in disallowing the OPs' TIA claims and in incorrectly applying the exclusion provisions, including without limitation by holding that  the allowance of, and distributions on, the Indenture Trustee's claims in accordance

with Delta's confirmed plan constitutes the "payment" of such claims within the meaning of the exclusion provisions of the Tax Indemnity Agreements.

7.     Whether the Bankruptcy Court erred as a matter of law in holding that Delta could satisfy the elements of the exclusion provisions in the Tax Indemnity Agreements by tendering payment in kind (*i.e.* shares of stock) of an amount that was not calculated in compliance with the provisions of the Tax Indemnity Agreements and the related transaction documents, instead of paying the full amount of Stipulated Loss Value in United States Dollars as required by the applicable contract terms.

Dated: New York, New York
       July 17, 2008

HUNTON & WILLIAMS LLP

By:  /s/ Scott H. Bernstein
Peter S. Partee (PP-0766)
Scott H. Bernstein (SB-8966)
200 Park Avenue, 53rd Floor
New York, New York  10166-0136
(212) 309-1000 (telephone)
(212) 309-1100 (facsimile)
ppartee@hunton.com
sbernstein@hunton.com

-and-

Benjamin C. Ackerly (admitted *pro hac vice*)
Jason W. Harbour (admitted *pro hac vice*)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200 (telephone)
(804) 788-8218(facsimile)
backerly@hunton.com
jharbour@hunton.com

*Attorneys for Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp.*