UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re:                                                         :
                                                               :
DELTA AIR LINES, INC., et al.,              : Chapter 11
                                                               : Case No. 05-17923 (ASH)
                    Debtors.                   : (Jointly Administered)
                                                               :
---------------------------------------------------------------x
BELL ATLANTIC TRICON LEASING              :
CORPORATION and VERIZON CAPITAL     : 08-CV-6879 (RMB)
CORP.,                                                    :
                                                               :
                    Appellants,                :
                                                               :
   - against -                                    :
                                                               :
DELTA AIR LINES, INC. and                     :
POST-EFFECTIVE DATE COMMITTEE OF    :
DELTA AIR LINES, INC.,                         :
                                                               :
                    Appellees.                  :
---------------------------------------------------------------x

## APPELLANTS' OPENING BRIEF ON APPEAL

> HUNTON & WILLIAMS LLP
> Peter S. Partee
> Scott H. Bernstein
> 200 Park Avenue, 53rd Floor
> New York, New York 10166-0136
> (212) 309-1000 (telephone)
>
> -and-
>
> Benjamin C. Ackerly
> Jason W. Harbour
> Riverfront Plaza, East Tower
> 951 East Byrd Street
> Richmond, Virginia 23219-4074
> (804) 788-8200 (telephone)
>
> *Attorneys for Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp.*

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ....................................................................................1

II. STATEMENT OF BASIS OF APPELLATE JURISDICTION.........................................1

III. STANDARD OF APPELLATE REVIEW......................................................................1

IV. STATEMENT OF ISSUES PRESENTED ON APPEAL..................................................2

V. STATEMENT OF THE CASE......................................................................................3

    A. Nature of the Case..............................................................................................3

    B. Course of the Proceedings and Disposition Below...................................................3

    C. Statement of the Facts.........................................................................................7

        1. The Verizon OP Claims...............................................................................7

        2. TIAs and Aircraft Leveraged Lease Transactions ........................................7

VI. ARGUMENT................................................................................................................8

VII. CONCLUSION.............................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Astroline Communications Co., Ltd. P'ship v. Astroline Co.*,
   1996 U.S. App. LEXIS 24940 (2d Cir. Sept. 13, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Fin. One Publ. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*,
   414 F.3d 325 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1-2

### FEDERAL STATUTES

28 U.S.C. § 158(a)(l) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

## I.    PRELIMINARY STATEMENT

This appeal (the "Appeal") seeks reversal of the June 26, 2008 Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (No. 52)[1] (the "Disallowance Order") disallowing and expunging certain claims (the "Verizon OP Claims") filed by Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp. (collectively, the "Verizon OPs" or the "Verizon Owner Participants"), in the chapter 11 bankruptcy cases of Delta Air Lines, Inc. and its affiliates (collectively, "Delta" or the "Debtors").

In the *Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims* (No. 39) (the "Objection"), the Debtors sought to disallow the Verizon OP Claims on the basis that such disallowance is mandated by the reasoning the Bankruptcy Court previously set forth in the Decisions (as defined herein). The Verizon OPs respectfully submit that the Verizon OP Claims should be allowed in their entirety and that the Disallowance Order should be reversed because the Decisions were wrongly decided.

The Verizon OP Claims, however, are covered by the reasoning of the Decisions. Consequently, the Verizon OPs incorporate herein by reference the appellants' arguments made in the Pending Appeals (as defined herein).

## II.    STATEMENT OF BASIS OF APPELLATE JURISDICTION

This is an Appeal from an order of the Bankruptcy Court over which this Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(l).

## III.    STANDARD OF APPELLATE REVIEW

This Appeal involves solely questions of contract interpretation which, as matters of law, are subject to *de novo* review by this Court. *See Fin. One Publ. Co. Ltd. v. Lehman Bros. Special*

---

[1] Items designated as the record on appeal by the Appellants are referred to herein as "No. _".

-1-

*Fin., Inc.*, 414 F.3d 325, 339 (2d Cir. 2005) ("We review contract interpretation *de novo*."); *see also Astroline Communications Co., Ltd. P'ship v. Astroline Co.*, 1996 U.S. App. LEXIS 24940, *5 (2d Cir. Sept. 13, 1996) ("In assessing a bankruptcy court's interpretation of a contract, we review its textual interpretation *de novo* . . . .").

## IV. STATEMENT OF ISSUES PRESENTED ON APPEAL

A.   Whether the Bankruptcy Court erred as a matter of law in preventing owner participants subject to certain TIA objections, including the Verizon OPs, (the "OPs") from taking any discovery whatsoever with respect to the meaning and function of the exclusion provisions of the Tax Indemnity Agreements.

B.   Whether the Bankruptcy Court erred as a matter of law in holding that the exclusion provisions of the Tax Indemnity Agreements are unambiguous and in declining to consider the uncontroverted extrinsic evidence presented by the OPs with respect to the meaning of the exclusion provisions of the Tax Indemnity Agreements.

C.   Whether the Bankruptcy Court erred as a matter of law in refusing to consider any extrinsic evidence as to the customs and usages of terms in the leveraged aircraft lease industry in determining that the exclusion provisions of the Tax Indemnity Agreements are unambiguous.

D.   Whether the Bankruptcy Court erred as a matter of law in reaching its conclusions as to (i) the interest and objective of Delta in negotiating the Tax Indemnity Agreements; and (ii) the expectation and contemplation of the parties who drafted the Tax Indemnity Agreements, without admitting or considering any evidence to support these conclusions.

E.   Whether the Bankruptcy Court erred as a matter of law in holding that the Tax Indemnity Agreements can be interpreted differently in the "bankruptcy context" than they would be if interpreted in accordance with applicable state law and its rules of contract interpretation.

F. Whether the Bankruptcy Court erred as a matter of law in disallowing the OPs' TIA Claims and in incorrectly applying the exclusion provisions, including without limitation by holding that the allowance of, and distributions on, the Indenture Trustee's claims in accordance with Delta's confirmed plan constitutes the "payment" of such claims within the meaning of the exclusion provisions of the Tax Indemnity Agreements.

G. Whether the Bankruptcy Court erred as a matter of law in holding that Delta could satisfy the elements of the exclusion provisions in the Tax Indemnity Agreements by tendering payment in kind (*i.e.* shares of stock) of an amount that was not calculated in compliance with the provisions of the Tax Indemnity Agreements and the related transaction documents, instead of paying the full amount of Stipulated Loss Value in United States Dollars as required by the applicable contract terms.

## V. STATEMENT OF THE CASE

### A. Nature of the Case

This Appeal, like the Pending Appeals, focuses on the interpretation of the "exclusion provisions" of the TIAs related to the OPs' Claims.

### B. Course of the Proceedings and Disposition Below

The Debtors and the Official Committee of Unsecured Creditors initiated a "test case" process through which they objected to claims grouped together according to similar exclusion language in the TIAs.

On May 16, 2007, the Bankruptcy Court issued its decision regarding TIA/SLV test cases 1 and 2 (No. 9) (the "May Decision"). In the May Decision, the Bankruptcy Court denied the Debtors' "cosmic objection" based on the alleged overlap between TIA claims and stipulated loss value ("SLV") claims. The Bankruptcy Court, however, without hearing any extrinsic evidence, sustained the Debtors' objections to the TIA claims in TIA/SLV test cases 1 and 2

-3-

based on the language of the contractual exclusion provisions contained in the TIAs. As to TIA/SLV test case 1, the Bankruptcy Court reasoned that the relevant exclusion provisions were triggered merely if Delta was "required to pay" SLV. As to TIA/SLV test case 2, the Bankruptcy Court reasoned that the relevant exclusions were triggered by payment either of SLV or "an amount determined by reference thereto," and that distributions in Delta's bankruptcy on account of SLV claims fall into the latter category. The Bankruptcy Court's Orders implementing the May Decision have been appealed and are pending before this Court as Case No. 07-CV-7745 (RMB) (the "Northwest Mutual Appeal") and Case No. 07-CV-11437 (the "DFO Partnership Appeal").

On January 16, 2008, the Bankruptcy Court issued its decision regarding TIA/SLV test cases substitute 3 and 5I (No. 34) (the "January Decision"; and together with the May Decision, the "Decisions"). In the January Decision, the Bankruptcy Court, without hearing any extrinsic evidence, sustained the Debtors' objections to the TIA claims in TIA/SLV test cases substitute 3 and 5I based on the contractual exclusion provisions contained in the TIAs. The Bankruptcy Court concluded that the exclusion provisions applied because the word "paid," as used in the exclusion provisions, means "allowed and distributions made in bankruptcy" in the bankruptcy context. The Bankruptcy Court's Orders implementing the January Decision have been appealed and are pending before this Court as Case No. 08-CV-2449 (RMB) (the "TIA/SLV Objection 3 Appeal") and Case No. 08-CV-2411 (RMB) (the "TIA/SLV Objection 5I Appeal"; and together with the Northwest Mutual Appeal, the DFO Partnership Appeal and the TIA/SLV Objection 3 Appeal, the "Pending Appeals").

On February 22, 2008, the Debtors filed the *Status Report Regarding TIA/SLV Objections* (No. 37) (the "Status Report") in which the Debtors proposed to file an objection regarding certain remaining TIA and SLV claims, and that the objection

> would incorporate the grounds for the Reorganized Debtors' prior objections to TIA and SLV Claims.  With respect to TIA Claims, the Reorganized Debtors would propose that all such claims be disallowed based on this Court's rulings in the prior Decisions. … The Reorganized Debtors also propose that any TIA Claimant, in response to the Omnibus Objection, may agree to the entry of an Order disallowing the TIA Claims for the reasons stated in the Decisions, while still preserving its rights to appeal.  This will eliminate the need to relitigate issues already decided, without prejudicing the rights of remaining claimants.  Finally, the Reorganized Debtors propose that any TIA Claimant who believes that its claims raise issues that have not already been addressed and decided by this Court be required to identify and brief such issues in its response to the Omnibus Objection.

Status Report, at 10.

On February 26, 2008, the Bankruptcy Court held a conference regarding the Status Report and certain remaining TIA and SLV claims.

On February 28, 2008, the Court entered the *Revised Proposed Order Permitting Filing of Omnibus Objection to TIA and SLV Claims* (No. 38) (the "Omnibus Order").  The Omnibus Order authorized the Debtors to object to remaining TIA claims, and stated as follows:

> Any holder of a TIA Claim who agrees that the claim is covered by the reasoning of this Court's prior Decisions may agree to the entry of an Order disallowing the TIA Claim for the reasons set forth in those Decisions, without adopting the reasons set forth in those Decisions and without prejudice to the holder's rights to appeal from those Decisions.

Omnibus Order, ¶ 2(c).

On March 7, 2008, the Debtors filed the Objection.  The Objection sought to disallow, among others, the Verizon OP Claims based on (i) the Debtors' "cosmic objection" concerning the alleged overlap between TIA claims and SLV claims; and (ii) the language of the exclusion provisions of the TIAs.

-5-

The Objection stated that "no party need file responses to the ["cosmic objection"] unless such party wishes to raise (and to preserve for appeal) arguments that were not previously raised by other parties." Objection, ¶ 2; *see id.* ¶ 62.

The Objection also stated as follows:

> Any holder of a TIA Claim who wishes to oppose the relief requested herein must file a response. In the event a holder of a TIA Claim does not wish to raise new issues and does not oppose the relief requested herein, it is not necessary for such party to file any response with the Court, notify the Reorganized Debtors or their counsel or take any further action. Such failure to respond shall be deemed to be a consent to the entry of an Order disallowing the TIA Claim for the reasons set forth in this Court's prior Decisions, without adopting the reasons set forth in those Decisions and without prejudice to the holder's rights to appeal from those Decisions.

*Id.* ¶ 78(a).

On April 7, 2008, the Verizon OPs filed the *Response of Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp. to Reorganized Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims* (No. 44) (the "Response"). In the Response the Verizon OPs opposed the relief requested in the Objection because the Decisions were wrongly decided. The Verizon OPs also opposed the relief requested in the Objection because the Verizon OP Claims should be allowed in their entire amounts. In addition, in the Response the Verizon OPs acknowledged that the Verizon OP Claims are covered by the reasoning of the Decisions.

On June 25, 2008, the Bankruptcy Court entered the Disallowance Order, which disallowed the Verizon OP Claims.

On July 31, 2008, this Court heard oral argument regarding the Pending Appeals.

C. **Statement of the Facts**

1. **The Verizon OP Claims**

The Verizon OPs are the owner participants with respect to the leveraged leasing transactions involving the aircraft (collectively, the "Aircraft") bearing the tail numbers identified on Exhibit 1 to the Response. The Verizon OPs timely filed the Verizon OP Claims, which claims are incorporated herein by reference. The Verizon OP Claims assert (i) tax indemnity claims against Delta under tax indemnity agreements ("Tax Indemnity Agreements" or "TIAs") between the Verizon OPs and Delta and (ii) general indemnity claims against Delta under participation agreements ("Participation Agreements") to which the Verizon OPs and Delta are parties, which include claims for expenses and attorneys' fees.

Delta's obligation to indemnify the Verizon OPs under the Tax Indemnity Agreements and the Participation Agreements identified in the Verizon OP Claims was triggered by Delta's continuing defaults under its leases of the Aircraft, including without limitation, the filing of its voluntary petition for relief under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") on September 14, 2005.

The calculation of and basis for each of the Verizon OP Claims, including the claims under the terms of the Tax Indemnity Agreements and the claims under the terms of the Participation Agreements, is identified and discussed in Exhibit A to each of the Verizon OP Claims.

2. **TIAs and Aircraft Leveraged Lease Transactions**

The Debtors refer this Court to the appellants' opening brief filed in the TIA/SLV Objection 3 Appeal for a summary of TIAs and aircraft leveraged lease transactions, and incorporate herein by reference that summary.

## VI. ARGUMENT

The Disallowance Order was entered based on the Bankruptcy Court's rulings in the Decisions. Accordingly, the Verizon OPs incorporate herein by reference (i) the arguments the appellants raised in their briefs in each of the Pending Appeals; and (ii) the arguments the appellants raised at oral argument on July 31, 2008 regarding the Pending Appeals.

## VII. CONCLUSION

As set forth in the appellants' briefs in the Pending Appeals and by the appellants at oral argument on July 31, 2008 regarding the Pending Appeals, the Decisions constitute manifest error and should be reversed. Accordingly, the Verizon OPs respectfully request that this Court (i) reverse the Disallowance Order, direct the Bankruptcy Court to enter an order allowing the Verizon OP Claims as to liability, and remand for determination of their proper amounts, or (ii) alternatively, remand for further evidentiary proceedings and direct the Bankruptcy Court to consider extrinsic evidence.

Dated: New York, New York
August 18, 2008

HUNTON & WILLIAMS LLP

By: */s/ Scott H. Bernstein*

| | |
|---|---|
| Peter S. Partee | Benjamin C. Ackerly |
| Scott H. Bernstein | Jason W. Harbour |
| 200 Park Avenue, 53rd Floor | Riverfront Plaza, East Tower |
| New York, New York 10166-0136 | 951 East Byrd Street |
| (212) 309-1000 (telephone) | Richmond, Virginia 23219-4074 |
| (212) 309-1100 (facsimile) | (804) 788-8200 (telephone) |
| ppartee@hunton.com | (804) 788-8218 (facsimile) |
| sbernstein@hunton.com | backerly@hunton.com |
| | jharbour@hunton.com |

*Attorneys for Bell Atlantic Tricon Leasing Corporation
and Verizon Capital Corp.*

60228.000010 EMF_US 26108594v1