**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
**BELL ATLANTIC TRICON LEASING** :
**CORPORATION and VERIZON CAPITAL** :
**CORP.,** :  Civil Case No. 08-CV-6879 (RMB)
: (ECF Case)
          **Appellants,** :
:
       -against- :
:
**DELTA AIR LINES, INC.,** :
:
          **Appellee.** :
-------------------------------------------------------------x


### BRIEF ON APPEAL OF APPELLEE
### <u>DELTA AIR LINES, INC.</u>


DEBEVOISE & PLIMPTON LLP
Michael E. Wiles
919 Third Avenue
New York, New York 10022
Telephone:  (212) 909-6000
Facsimile:   (212) 909-6836
email: mewiles@debevoise.com

*Attorneys for Delta Air Lines, Inc.*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. i

**PRELIMINARY STATEMENT** ........................................................................................... 1

**COUNTER-STATEMENT OF ISSUE PRESENTED** ......................................................... 1

**STANDARD OF APPELLATE REVIEW** ........................................................................... 1

**STATEMENT OF THE CASE** ............................................................................................. 1

    A.  The Prior Appeals ........................................................................................................ 1

        1.    Rulings on Test Cases 1 and 2 ........................................................................ 2

        2.    Rulings on Substitute Test Case 3 and Test Case 5I ....................................... 4

    B.  The Current Appeal ..................................................................................................... 5

    C.  Wording of the Verizon Claims Relevant to This Appeal .......................................... 5

**ARGUMENT** .......................................................................................................................... 6

**CONCLUSION** ...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re Enron Corp.*,
  364 B.R. 482 (S.D.N.Y. 2007)............................................................................................1

**Statutes and Rules**

FED. R. BANKR. P. 8013 ........................................................................................................1

Appellee Delta Air Lines, Inc. ("**Delta**") submits this brief in response to the appeal by Bell Atlantic Tricon Leasing Corporation and Verizon Capital Corp. (collectively, "**Verizon**") from the Bankruptcy Court's June 28, 2008 "Order Granting Debtors' Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims Relating to Tail Nos. N806DE, N968DL, N969DL, N970DL AND N977DL" (the "**Order**") [D 52].[1]

## PRELIMINARY STATEMENT

This is the fifth in a series of appeals from rulings made by the Bankruptcy Court with respect to certain "tax indemnity agreements" filed in the Chapter 11 case of Delta Air Lines, Inc. The parties agree that the arguments that govern the resolution of this appeal are the same arguments that have been asserted in connection with the prior four appeals. Delta submits this brief simply to clarify the language of the contracts at issue and to identify the prior appeals to which this particular appeal is most closely related.

## COUNTER-STATEMENT OF ISSUE PRESENTED

Whether Verizon's duplicative TIA Claims are barred by the TIAs and applicable law.

## STANDARD OF APPELLATE REVIEW

Factual findings are reviewed for clear error, and conclusions of law are reviewed *de novo*. FED. R. BANKR. P. 8013; *In re Enron Corp.*, 364 B.R. 482, 485 (S.D.N.Y. 2007).

## STATEMENT OF THE CASE

**A.    The Prior Appeals**

In 2007 the Bankruptcy Court approved a procedure in which "test case" objections would be filed to various TIA claims. The "test cases" were to involve contracts with different language so that the Bankruptcy Court could consider whether the differences in language required any difference in its rulings on Delta's objections. The Bankruptcy Court has made

---

[1]    "**D**" refers to Verizon's Designation of Record; "**CD**" refers to Delta's Counter-Designation.

numerous rulings in connection with those prior test cases; all of those rulings were incorporated into the Order and are relevant to this appeal.

### 1. Rulings on Test Cases 1 and 2

On February 20, 2007, Delta and its Official Committee of Unsecured Creditors (the "**Committee**") filed an objection that was designated as "TIA/SLV Objection 1" [CD 3]. TIA/SLV Objection 1 addressed tax indemnity claims asserted by DFO Partnership ("**DFO**"). The tax indemnity agreements upon which those claims were based provided that no payment would be due if a loss arose as a result of:

> . . . <u>any event whereby a party to any of the Operative Documents is required to pay Stipulated Loss Value or Termination Value</u>, except to the extent that the calculation of Stipulated Loss Value or Termination Value does not accurately reflect the timing of the loss of any tax benefit reflected in the calculation of Stipulated Loss Value or Termination Value. . . .

TIA §7(c) (Affidavit of David B. Gebler [CD 9] Exh. B (emphasis added)).

On February 20, 2007, the Reorganized Debtors and the Committee filed an additional objection that was designated as "TIA/SLV Objection 2" [CD 4]. TIA/SLV Objection 2 addressed three tax indemnity claims asserted by Northwestern Mutual Life Insurance Company ("**Northwestern**"). The Northwestern claims were based on tax indemnity agreements that provided that no payment would be due if a loss arose as a result of:

> . . . <u>any event whereby the Lessee pays Stipulated Loss Value or Termination Value or an amount determined by reference thereto</u>, except to the extent that the calculation of Stipulated Loss Value or Termination Value does not accurately reflect the timing of any such event for Federal income tax purposes.

TIA, § 6(c) (Declaration of Karen Stevens [CD 11] Exh. 1 (emphasis added)).

On May 16, 2007, the Court issued a Decision (the "**May 16 Decision**") [D 9]. The Court first overruled a general argument by Delta and the Committee that a single loss could only give rise to a single claim. May 16 Decision at 6-8 [D 9]. The Court then held that the

parties' contracts barred all of the TIA claims that had been asserted by DFO, *id*. at 10, and two of the three TIA claims that had been asserted by Northwestern. *Id*. at 14-15. However, the Court held that the third claim that was the subject of TIA/SLV Objection 2 was not barred, because the agreement governing the calculation of that claim did not refer to SLV. *Id*. at 15.

Delta, DFO and Northwestern each filed a motion for reconsideration. On July 10, 2007, the Bankruptcy Court announced its decision (the "**July 10 Decision**") during a telephonic hearing with respect to the motions for reconsideration relating to TIA/SLV Objection 2 [D 16]. Among other things, the Court granted Delta's and the Committee's motion for reconsideration and held that all three of the Northwestern TIA claims that were subject to TIA/SLV Objection 2 were barred. July 10 Decision at 8:8-19 [D 16]. The Court entered an Order with respect to TIA/SLV Objection 2 on July 19, 2007 [D17]. The Court's Order also denied Northwestern's motion for reconsideration. Northwestern filed an appeal, and that appeal is pending before this Court as case no. 07-CV-7745.

After argument on August 20, 2007, the Bankruptcy Court rejected DFO's motion for reconsideration. *See* Transcript of proceedings dated August 20, 2007 (the "**August 20 Decision**") [CD 41]. On September 20, 2007, the Court entered its Order with Respect to TIA/SLV Objection 1 (the "**September 20 Order**") [CD 45].

Subsequently, DFO filed a second motion for reconsideration. After argument on November 6, 2007, the Court announced its denial of DFO's second motion for reconsideration (the "**November 6 Decision**") [CD 61]. The Court entered an order denying the second reconsideration motion on November 15, 2007 (the "**November 15 Order**") [D 31]. DFO filed an appeal, and that appeal is pending before this Court as case no. 07-CV-11437.

3

### 2.  Rulings on Substitute Test Case 3 and Test Case 5I

On September 14, 2007, Delta and the Committee filed an objection that was designated as "Substitute TIA/SLV Objection 3" [D 23].  Substitute TIA/SLV Objection 3 addressed certain tax indemnity claims asserted by Verizon; it was designated as "test case 3" after the settlement of another set of claims that previously had been designated as test case 3.  The tax indemnity agreements upon which Verizon's "test case 3" claims were based provided that no payment would be due if a loss arose as a result of:

> . . . any event whereby a party to any of the Operative Documents is required to pay Stipulated Loss Value or Termination Value, to the extent such amounts have been paid. . . .

TIA, § 7 (Declaration of Joshua Dorchak [D 27] Exh. D (emphasis added)).

In addition, on April 17, 2007, the Reorganized Debtors and the Official Committee filed an objection that was designated as "TIA/SLV Objection 5I" [CD 30].  TIA/SLV Objection 5I addressed certain tax indemnity claims asserted by AT&T Credit Holdings, Inc. ("**AT&T**"); it was designated as "test case 5" after the settlement of another set of claims that previously had been designated as test case 5.  The tax indemnity agreements upon which AT&T's "test case 5" claims were based provided that no payment would be due if a loss arose as a result of:

> Any event whereby the Lessee pays an amount equal to Stipulated Loss Value or Termination Value, except to the extent that the calculation of Stipulated Loss Value or Termination Value does not accurately reflect the timing of any such event for Federal income tax purposes.

TIA, § 6(c) (Declaration of Joshua Dorchak [CD 53] Exh. D) (emphasis added)).

On January 16, 2008, the Bankruptcy Court issued its Decision on Substitute TIA/SLV Objection 3 and TIA/SLV Objection 5I (the "**January 16 Decision**") [D 34].  In the January 16 Decision, the Court again overruled the general argument by the Reorganized Debtors and the Official Committee that a single loss could only give rise to a single claim.  *See* January 16

4

Decision [D 34] at 4. The Court also held, however, that the parties' contracts recognized the duplication between TIA claims and SLV claims and required that the TIA claims be barred. *Id*. at 10, 15, 18.

On February 7, 2008, the Bankruptcy Court entered an Order with respect to Substitute TIA/SLV Objection 3 [D 35]. Verizon has appealed from that Order and that appeal is pending before this Court as case no. 08-CV-2449.

On February 7, 2008 the Bankruptcy Court also entered an Order with respect to TIA/SLV Objection 5I [CD 64]. AT&T has appealed from that Order, and that appeal is pending before this Court as case no. 08-CV-2411.

B.      **The Current Appeal**

On March 7, 2008, Delta filed its "Fourth Omnibus Objection to the Allowance of Certain Aircraft Claims: TIA Claims and SLV Claims" [D 39] (the "**Omnibus Objection**"). The Omnibus Objection sought the disallowance of all remaining TIA claims for the reasons set forth by the Bankruptcy Court in the May 16 Decision [D 9], the July 10 Decision [D 16], the August 20 Decision [CD 41], the November 6 Decision [CD 61] and the January 16 Decision [D 34] (collectively, the "**Decisions**"). The TIA claims that were the subject of the Omnibus Objection included five additional claims filed by Verizon.

Verizon filed papers indicating that it disagreed with the prior rulings by the Bankruptcy Court but agreeing that those prior rulings governed the claims that were the subject of the Omnibus Objection. The parties agreed to the entry of an Order reflecting that fact, while preserving the parties' rights on appeal. *See* Order [D 52].

C.      **Wording of the Verizon Claims Relevant to This Appeal**

The Verizon claims that are the subject of this appeal differ from the claims that are the subject of Verizon's prior "test case 3" appeal.

5

Four of the five Verizon claims that are the subject of this appeal (those relating to the aircraft with FAA registration numbers N968DL, N969DL, N970DL and N977DL) arise from tax indemnity agreements that provide that no payment is due if a tax loss arises from:

> Any event whereby the Lessee has paid an amount equal to stipulated loss value or Termination Value or an amount determined by reference thereto.

TIA for N968DL, § 6(c) [D 50] Exh. E.  The language of these agreements is most similar to the wording of the Northwestern tax indemnity agreements that are at issue in the pending "test case 2" appeal, as each refers to the payment of "an amount determined by reference" to stipulated loss value or termination value.

The fifth Verizon claim that is the subject of this appeal is based on a tax indemnity agreement that provides that no payment is due if a tax loss arises from:

> An early termination of the Lease by Lessee pursuant to the Lease, an Event of Loss <u>or any other event whereby the Lessee is required to pay an amount equal to Stipulated Loss Value or Termination Value, or an amount determined by reference thereto</u>, as determined by reference to Exhibit C of the Lease, <u>to the extent that such amounts have been paid</u>[.]

TIA for N806DE, § 6(b) [D 50] Exh. A (emphasis added).  The language of this agreement is similar to the Northwestern agreements at issue in "test case 2," but with an additional phrase ("to the extent that such amounts have been paid") that also appears in the contracts that are at issue in Verizon's pending "test case 3" appeal.

## **ARGUMENT**

Delta incorporates all of the arguments that it has made in the other pending appeals before this Court and urges this Court to affirm the Order (a) based on the rulings made by the Bankruptcy Court, and/or (b) based on Delta's alternative argument that a single loss can give rise to only a single claim, and that admittedly duplicative claims cannot be allowed.

## **CONCLUSION**

For all of the foregoing reasons, and those stated in the Bankruptcy Court's Decisions and in Delta's papers submitted in related appeals, Delta submits that the Order should be affirmed.

Dated: New York, New York
September 5, 2008

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

/s/ Michael E. Wiles
Michael E. Wiles
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
email: mewiles@debevoise.com
Attorneys for Appellee Delta Air Lines, Inc.